No. 1928.—SUCCESSION OF B. DE MARIGNY—On Opposition of S. W. WESTMORE to Tableau.

A citation is good and sufficient if the copy of the petition accompanying it mentions the residence of the defendant, although it is not mentioned in the citation.

A deputy clerk in the parish of Orleans is competent to sign a citation, without the absence or sickness of the clerk being shown.

The dismissal of a suit for the non-appearance of the plaintiff is not an abandonment or voluntary discontinuance of the action.

Citation on one obligor *in solido* will interrupt prescription as to all

APPEAL from Second District Court of New Orleans. *Duvigneaud*, J. L. E. *Simonds*, for opponent and appellant. E. *Bermudez*, for executor, appellee.

LUDELING, C. J. The claim of the opponent is resisted by the executor of the deceased on several grounds. The district court rejected the claim, on the ground that it was prescribed by the lapse of five years.

The opponent contends that prescription was interrupted on the thirtieth of January, 1868, by the service of a citation on Mr. Marigny in person. The executor, on the other hand, claims that there was no interruption.

*First*—Because the citation addressed to Mr. B. de Marigny does not mention the place of his residence.

*Second*—It does not express the place where the office of the clerk of the court is held.

*Third*—It is signed by the deputy clerk.

*Fourth*—The sheriff's return shows that a copy of the citation, and not the original citation, was served on Mr. Marigny.

The only one of these objections which seems to merit notice is the first, that the defendant's residence is not mentioned in the citation; the residence of the defendant is mentioned in the petition, a copy whereof was served on the defendant in person, with the citation, and a default was taken against the defendant before his death. We think the citation sufficient to interrupt prescription. 12 La. 534; 17 La. 215; 10 R. 133, 119; 10 M. 155; 7 An. 240; C. P. 183, 184, 185, 186.

The executor further contends that even if the citation did interrupt prescription, the voluntary abandonment of his suit destroyed the effect of the citation. The cases cited by him establish that the dismissal of a suit for the non-appearance of the plaintiff is not an abandonment or voluntary discontinuance of the suit. 7 An. 523, Norwood *v.* Devall; 14 An., Sheldon & Co. *v.* Reynolds. We think the principle is correctly decided in those cases. 13 An. 57; C. C. 3485.

But even if Marigny had not been cited, prescription was interrupted by the citation of Avigno & Gordon, obligors *in solido*, with Marigny, in a suit on the notes now sued on. C. C. 3517.

It is therefore ordered and adjudged that the judgment of the district court be reversed; that the plea of prescription be overruled, and that the case be remanded to be proceeded with according to law. It is further ordered that the appellee pay the costs of this appeal.

---

### On Application for Rehearing.

LUDELING, C. J. An application for a rehearing has been made in this case, and we have been requested to decide the following questions :

*First*—Whether or not a deputy clerk in the parish of Orleans can sign a citation, except in the absence or sickness of the clerk?

*Second*—Whether the filing of an opposition to an account for the purpose of having a claim recognized and ranked by the court, is not an abandonment of a former suit already pending in another court, in the sense of article 3485, C. C. ?

To the first question, we answer that deputy clerks may sign citations, whether the clerk be present or not. In 1821, Judge Martin said, "Clerks of courts have had deputies ever since the establishment of the American Government in this country, and the act of 1817 appears to have recognized such deputies. It seems to me too late now to call in question acts done by a deputy clerk." Judge Mathews said, "I believe it may be laid down as an undeniable fact that the clerks of the different courts of the late Territorial Government were in the constant

habit of acting by deputy, wherever their convenience required it. The same practice has prevailed under the State Government, without its legality or propriety having been ever before called in question. It has then been a custom coeval with the American Government of the country, and even were we to allow that it originated in error, the maxim would then (if in any case) apply, *communis error facit jus.*

"I am of opinion, with Judge Martin, that this custom has been sanctioned by the Legislature in the act (1817) relative to deputies of officers of our courts." 10 M. 156; 157.

Article 782 of the Code of Practice sanctions this custom; and the act of 1857, relied on by the counsel for applicant, extends rather than limits the authority and powers of deputy clerks in the parish of Orleans: "That in the absence or sickness of the clerks of the several courts of the parish of Orleans, their respective deputies may sign all orders and issue all writs, which the clerks themselves may issue." Acts of 1857, p. 155.

We are of opinion that the opposition to the account was not an abandonment of the suit instituted in the Fourth Court, in the sense of article 3485 of the Civil Code.

In regard to the third ground, that an indorser is not an obligor *in solido,* we did not decide that. In examining the record, we were led into error of fact, from the manner in which the note with the signatures of the parties to it was copied in the transcript. The names of all the parties—Gordon, Avigno and Marigny—were copied directly under the note, under each other, and we fell into error in supposing they were all makers. What was said on this point, however, was *obiter,* and was only suggested as an additional reason for the opinion rendered.

The rehearing is refused.